UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**CIVIL ACTION**

STEWART PARK AND RESERVE COALITION,
INCORPORATED (SPARC), ORANGE COUNTY
FEDERATION OF SPORTSMEN'S CLUBS, INC.
and SIERRA CLUB,

**No. 00-cv-1606**

**(RFT)**

Plaintiffs,

v.

**CONSENT DECREE
AND ORDER OF
DISMISSAL**

RODNEY E. SLATER, as United States Secretary
of Transportation; UNITED STATES DEPARTMENT
OF TRANSPORTATION; KENNETH R. WYKLE, as
Administrator of the Federal Highway
Administration; HAROLD J. BROWN, as New York
Division Administrator of the Federal
Highway Administration; FEDERAL HIGHWAY
ADMINISTRATION; LOUIS R. TOMSON, as Chairman
of the New York State Thruway Authority; NEW
YORK STATE THRUWAY AUTHORITY; JOSEPH H.
BOARDMAN, as Commissioner of the New York
State Department of Transportation; and NEW
YORK STATE DEPARTMENT OF TRANSPORTATION,

Defendants.

Stewart Park and Reserve Coalition, Incorporated (SPARC),
Orange County Federation of Sportsmen's Clubs, Inc. and Sierra
Club (hereinafter collectively "Plaintiffs"); and Louis R.
Tomson, as Chairman of the New York State Thruway Authority, by
his successor, John L. Buono; New York State Thruway Authority;
Joseph H. Boardman, as Commissioner of the New York State
Department of Transportation, by his acting successor, Thomas J.
Madison, Jr.; and New York State Department of Transportation
(hereinafter "NYSDOT")(hereinafter collectively "State
Defendants"), and New York State Department of Environmental
Conservation and its acting Commissioner, Denise M. Sheehan
(hereinafter collectively "NYSDEC"), which is not a party to this
action, but is a party to this agreement for the purpose of
settling this action and related litigation involving the Project
brought by Plaintiffs; hereby agree as follows:

WHEREAS, the State Defendants and Rodney E. Slater, as
United States Secretary of Transportation, by his successor,
Norman Y. Mineta; United States Department of Transportation;
Kenneth R. Wykle, as Administrator of the Federal Highway
Administration, by his acting successor, J. Richard Capka; Harold
J. Brown, as New York Division Administrator of the Federal
Highway Administration, by his successor, Robert E. Arnold; and

2

Federal Highway Administration; (hereinafter collectively
"Federal Defendants"); (hereinafter collectively "Defendants")
seek to construct a highway interchange between Interstate
Highway 84 (hereinafter "I-84") and Drury Lane in Orange County,
New York, to widen Drury Lane, to construct certain access roads
between Drury Lane and the Stewart International Airport
(hereinafter "the Airport"), and to construct a mitigation
wetland for this construction, all as described in the Stewart
Airport Access Improvement ... Administrative Analysis: Section
4(f)(49 U.S.C. 303) and Consultation 23 CFR 771.129( c)
(hereinafter "2004 Section 4(f) Analysis"), adopted by defendant
Federal Highway Administration and defendant NYSDOT, dated April
20, 2004 (hereinafter "the Project"); and

        WHEREAS, the Project was found by the United States Court of
Appeals for the Second Circuit in SPARC v. Slater, 352 F.3d 545
(2d Cir. 2003) to be subject to review under Section 4(f) of the
Department of Transportation Act, 49 U.S.C. § 303 (hereinafter
"Section 4(f)"); and

        WHEREAS, the State of New York acquired approximately 8,675
acres of land located in the vicinity of the Airport in and about
1971, said lands being known as both the "Stewart Buffer Lands"
and the "Stewart Properties", and referred to herein as the
"Stewart Lands"; and

3

WHEREAS, the Project will be located on or near certain parts of the Stewart Lands; and

WHEREAS, Plaintiffs commenced this action seeking, *inter alia*, to enforce Section 4(f) with regard to the Project; and

WHEREAS, the U.S. Court of Appeals for the Second Circuit has held that all or part of the Stewart Lands are parklands protected under Section 4(f); and

WHEREAS, Plaintiffs have alleged in this action that the Project as currently designed will use public parklands which are protected by Section 4(f), and Defendants have denied these allegations; and

WHEREAS, Plaintiffs, their members and other members of the general public, are frequent users of the Stewart Lands for recreational purposes and all parties hereto wish to protect those lands and enhance public access thereto and recognize the benefits of doing so; and

WHEREAS, NYSDEC currently has jurisdiction over approximately 5,264 acres of the Stewart Lands, now known as the Stewart State Forest, which were transferred to NYSDEC by NYSDOT in 1999; and

WHEREAS, defendant NYSDOT currently retains jurisdiction over more than 2,000 acres of the Stewart Lands; and

4

WHEREAS, in order to protect those lands and enhance public access to the Stewart State Forest and portions of the Stewart Lands remaining under the jurisdiction of NYSDOT, which have been managed for recreational use by agreement between NYSDOT and NYSDEC, the parties hereto have agreed that NYSDOT will transfer jurisdiction over certain parcels of the Stewart Lands to the jurisdiction of NYSDEC to be part of the Stewart State Forest, and NYSDEC has agreed to accept such transfer and to enter into this Consent Decree and to be bound by it, even though NYSDEC is not a party to this action; and

WHEREAS, the Plaintiffs herein have also commenced a New York CPLR Article 78 proceeding in New York State Supreme Court, Orange County, against NYSDEC and NYSDOT, entitled Stewart Park and Reserve Coalition v. NYSEC and NYSDOT, Index No. 5235-2005 (Sup. Ct. Orange Co.), regarding the modification of the New York Freshwater Wetlands Act permit for the Project issued on or about June 29, 2005; and

WHEREAS, the Plaintiffs and the Defendants have previously agreed to have Magistrate Judge Randolph F. Treece decide all substantive motions in this action pursuant to 28 U.S.C. § 636( c); and

WHEREAS the parties hereto wish to resolve this action and the CPLR Article 78 proceeding in an equitable manner, to avoid

further potentially lengthy and costly litigation, to protect as part of the Stewart State Forest portions of the Stewart Lands now remaining under the jurisdiction of NYSDOT, to enhance public access thereto, and to allow construction of the Project to go forward expeditiously; and

WHEREAS the Court has considered these matters and the issues; now,

**IT IS HEREBY AGREED AMONG THE PARTIES, AND ORDERED AND DECREED BY THE COURT, AS FOLLOWS:**

**I. Substantive Provisions**

### A. General Descriptions of Stewart Lands to Be Transferred From NYSDOT to NYSDEC

1. PARCEL 1. Annexed hereto as Exhibit A and incorporated herein is a copy of a map dated June 2005 entitled "Stewart Properties". NYSDOT shall transfer to the jurisdiction and control of NYSDEC for inclusion in the Stewart State Forest all land marked in red cross-hatching on said map and labeled as "Area to Preclude Development -(1400+/- Acres)". Said lands are generally described (to be confirmed by a survey), as follows:

a. PARCEL 1A. Beginning at a point 75 feet east of the proposed centerline of the realigned Drury Lane (as shown on Sheet Number 35 from the Contract Plans for the Project, NYSDOT Contract Number D259814, a copy of which is annexed hereto as Exhibit B and incorporated herein) at its intersection with NYS

6

Route 207; thence easterly along the current northern boundary of NYS Route 207 to the Catskill Aqueduct; thence northerly along the Catskill Aqueduct to the southern boundary of the lands which have been leased by NYSDOT to SWF Airport Acquisition, Inc. (hereinafter "SWFAA") pursuant to a lease dated September 24, 1999; thence westerly along the southern boundary of said leased lands to a point 150 feet east of the western boundary of the current Drury Lane right-of-way; thence southerly along a line parallel to, and 150 feet east of, the western boundary of the current Drury Lane right-of-way, as it winds and turns, to a point 1,600 +/- feet north of the current northern boundary of NYS Route 207; thence southerly along a line parallel to, and 75 feet east of, the proposed centerline of the realigned Drury Lane (as shown on Exhibit B), as it winds and turns, to the point and place of beginning; excepting for the United States military housing parcel, the Little Britain School parcel and a small cemetery, as shown on Exhibits A and C (described below), and any other such cemeteries, historic houses and the like which are no longer under the jurisdiction of NYSDOT as of the date hereof; BEING all of the Stewart Lands located east of Drury Lane, and south of the lands which have been leased by NYSDOT to SWFAA, excepting a parcel of land being 150 feet wide, located on and to

7

the east of the current boundaries of Drury Lane, intended to be used for the realigned Drury Lane; and

b.  PARCEL 1B. Beginning at a point 75 feet west of the proposed centerline of the realigned Drury Lane (as shown on Exhibit B) at its intersection with NYS Route 207; thence northerly along a line parallel to, and 75 feet west of, the proposed centerline of the realigned Drury Lane (as shown on Exhibit B), as it winds and turns, to a point 1,600 +/- feet north of the current northern boundary of NYS Route 207; thence along the current western boundary of the current Drury Lane right-of-way to the southern boundary of the Airport's Runway Protection Zone (shown in light blue on Exhibit A); thence generally southerly, westerly and northerly along the boundaries of the Runway Protection Zone to the southern edge of the area depicted as "Area to be Reserved for Development" on Exhibit A; thence westerly along said boundary to Maple Avenue; thence southerly along Maple Avenue to the current northern boundary of NYS Route 207; thence easterly along the current northern boundary of NYS Route 207 to the point and place of beginning; BEING all of the Stewart Lands located between Drury Lane and Maple Avenue south of the Runway Protection Zone and the "Area to be Reserved for Development" shown on Exhibit A; and including the current Drury Lane for a distance of approximately 1,600 feet

8

north from NYS Route 207 (from which the pavement shall be removed as shown on Exhibit B), and the area near NYS Route 207 between the current Drury Lane and the proposed realigned Drury Lane; and excepting a small cemetery as shown on Exhibit C (defined below), and any other such cemeteries, historic houses and the like which are no longer under the jurisdiction of NYSDOT as of the date hereof. The parties acknowledge that the realignment of the Drury Lane intersection with NYS Route 207 as part of the Project will require NYSDOT to remove the existing road and conduct grading in the vicinity of that intersection, including on lands to be transferred to NYSDEC.

2.  PARCEL 2.  Annexed hereto as Exhibit C and incorporated herein is a copy of a map dated March 4, 1999 and labeled "OGS Map No. 1751".  NYSDOT shall transfer to the jurisdiction and control of NYSDEC for inclusion in the Stewart State Forest the southern part of the land shown on said map as "Excepted Parcel No. 1", which part consists of all lands located south and east of the lands shown on said map as "Lands now or formerly of Penn Central Transportation Company", and is on both sides of Barron Road, and is generally described as follows: Beginning at the southernmost point where the said "Lands now or formerly of Penn Central Transportation Company" intersect with Barron Road; thence westerly and southerly along the boundary of said "Lands

9

now or formerly of Penn Central Transportation Company"; thence southerly and westerly through the Stewart Lands, thence southerly and easterly to Barron Road and crossing Barron Road, to the boundary line between the Towns of Montgomery and New Windsor; thence northerly along said town line; thence northerly through the Stewart Lands to and along Barron Road; thence crossing Barron Road to the northernmost point where the said "Lands now or formerly of Penn Central Transportation Company" intersect with Barron Road; thence southerly along the western boundary of Barron Road, to the point and place of beginning.

3.   PARCEL 3.   The entire right-of-way of Maple Avenue located within the Stewart Lands, as shown on Exhibits A and C, shall be transferred from NYSDOT to the jurisdiction and control of NYSDEC for inclusion in the Stewart State Forest.

4.   PARCEL 4.   The entire right-of-way of Barron Road located within the Stewart State Forest shall be transferred from NYSDOT to the jurisdiction and control of NYSDEC for inclusion in the Stewart State Forest, excepting and reserving:

a.   Annexed hereto as Exhibit D and incorporated herein is a copy of an Order of transfer by the New York State Office of General Services dated March 4, 1999, which transferred jurisdiction over the current Stewart State Forest to NYSDEC. Said Order reserved to NYSDOT a right-of-way along a portion of

10

Barron Road for ingress and egress to the parcel reserved for the use of the Division of State Police, as shown on Exhibit C.  Said rights shall continue to be reserved by NYSDOT.

b.   That portion of Barron Road located within the lands along Barron Road to be retained by NYSDOT, ending at the northernmost point where the boundary of the said "Lands now or formerly of Penn Central Transportation Company", as shown on Exhibit C, intersects with Barron Road.

5.   PARCEL 5.   NYSDOT shall expressly convey and surrender to NYSDEC for inclusion in the Stewart State Forest the right-of-way on Barron Road reserved by it in Exhibit D for ingress and egress from NYS Route 208 to said Excepted Parcel No. 1.

6.   All of the parcels of land and rights-of-way described above shall be transferred by NYSDOT to NYSDEC no later than June 30, 2006.  On or before said date, NYSDEC shall add all such parcels of land to the Stewart State Forest, as a Reforestation Area, pursuant to New York Environmental Conservation Law Article 9, Title 5.

7.   Plaintiffs shall be provided, with 30 days prior notice, a copy of the proposed order of transfer of said lands so that they may review it, in advance, for compliance with this Consent Decree.

11

**B.   Access to and Management of Lands Retained by NYSDOT**

8.   On the lands labeled as "Area to be Reserved for
Development" on Exhibit A, there shall be no construction of
buildings or other action taken by NYSDOT, its successors and
assigns, within 500 feet of the Stewart State Forest, which would
cause a limitation on hunting on the Stewart State Forest
pursuant to New York Environmental Conservation Law § 11-0931.
In the event that NYSDOT leases, sells, or otherwise conveys
ownership or other jurisdiction or control over such lands, this
limitation shall be made a permanent condition of and limitation
upon such transfer and the title to the lands conveyed by NYSDOT.

9.   The area of land labeled as "Area to be Reserved for
Development" on Exhibit A contains a pond known as "Tenney's
Pond", which pond is currently used for fishing and other
purposes by the public, including Plaintiffs' members, under the
management of NYSDEC.   In the event that NYSDOT leases, sells, or
otherwise conveys ownership or other jurisdiction or control over
such lands containing Tenney's Pond, NYSDOT shall reserve to the
State of New York public access to Tenney's Pond, including at a
minimum: access from Drury Lane to the Pond, an area for
launching boats, a 25 foot wide reserved access around the entire
shoreline of the Pond, and the use of the entire waters of the

12

Pond.  Prior to any sale or other transfer of such lands, NYSDOT
shall continue to allow such public access to Tenney's Pond.

10.  NYSDOT has leased certain parts of the Stewart Lands to
SWFAA, pursuant to a certain lease effective September 24, 1999.
NYSDOT shall continue to encourage SWFAA to continue to allow
public access for fishing and other purposes to Maroney's Pond,
which pond is located on said leased lands.  NYSDOT shall also
continue to encourage SWFAA to continue to lease for public park
purposes the Crestview Lake Recreation Area, as such lands are
described in a certain lease (now expired) between the Stewart
Airport Land Authority and the Town of New Windsor and dated
April 30, 1982.

11.  As depicted in Exhibit C and pursuant to Exhibit D, in
1999 NYSDOT reserved a parcel of land 150 feet wide along the
southerly boundary of I-84.  I-84 and said 150 foot parcel are
currently crossed by an overpass at Ridge Road and access roads
leading from said overpass into the Stewart State Forest and
there is a related NYSDEC parking area at the end of said
overpass.  In the event that NYSDOT develops or conveys said 150
foot wide parcel, NYSDOT shall preserve access across I-84 and
any new or modified transportation facility via said overpass and
NYSDOT and NYSDEC shall also relocate an equivalent parking area
and equivalent road and trail access into the Stewart State

13

Forest from said overpass, with determining what facilities are "equivalent" to be determined by NYSDOT in its reasonable discretion.

12.   I-84 and said 150 foot parcel are also currently crossed by an underpass at Barron Road, providing access into the Stewart State Forest and there is a NYSDEC parking area at that location.   In the event that NYSDOT develops or conveys said 150 foot wide parcel, or if the lands to be retained by NYSDOT along Barron Road are ever developed, NYSDOT shall adopt feasible and prudent measures to maintain access to and parking for the Stewart State Forest in that vicinity.   Until such time as such 150 foot wide parcel and such lands retained by NYSDOT along Barron Road are developed or transferred, access and parking in that vicinity shall be maintained at their existing levels.

### C.  Access to and Management of Stewart State Forest

13.   Pursuant to Exhibit D hereto, NYSDOT reserved the right to use the lands in the Stewart State Forest which were transferred to NYSDEC in 1999 for purposes of "wetland creation and/or enhancement as mitigation for wetland impacts of Department of Transportation and Airport projects".   With respect to such lands, NYSDOT shall use them for construction of mitigation wetlands only for Airport projects and for NYSDOT

14

projects located within Orange County, and only when it has
exhausted all feasible and prudent alternatives at the site of
the project in question, and only with the approval of NYSDEC
and/or the U.S. Army Corps of Engineers (hereinafter "USACOE"),
as required by law.

14.   When transferring jurisdiction over the lands to be
transferred pursuant hereto to NYSDEC, NYSDOT shall not reserve
the right to use such lands for such wetlands mitigation
construction purposes, and NYSDEC shall not grant such right to
NYSDOT or any other person or entity.

15.   When preparing the Unit Management Plan for the Stewart
State Forest, NYSDEC shall provide the Plaintiffs with reasonable
advance notice of the commencement of the Unit Management Plan
process.   If NYSDEC forms any advisory committee or other such
body for the Stewart State Forest or its Unit Management Plan,
then each of the three Plaintiffs shall be invited to be a member
thereof.

16.   NYSDEC shall recommend suitable bowhunting access to
the lands east of Drury Lane in the Draft Unit Management Plan
for the Stewart State Forest.

17.   NYSDEC shall provide suitable parking and access
points/trailheads, to be located on Drury Lane and Route 207, for
the lands east of Drury Lane, to be designated in NYSDEC's Unit

15

Management Plan for the Stewart State Forest, and NYSDOT shall permit same from such roads as are under its jurisdiction.

18.   NYSDEC shall complete the preparation and adoption of a final Unit Management Plan for the Stewart State Forest, including the lands to be added thereto pursuant to this Consent Decree, no later than December 31, 2006.

## II.   General Provisions

19.   Army Corps Permit.   Plaintiffs agree that they will not file or financially support in any way any future court claims or court complaints, or commence or financially support litigation, under the United States Constitution or other statute or common law relating to the currently pending application to modify the USACOE Clean Water Act permit for the Project for the placement of fill in wetlands or other waters of the United States.

20.   Article 78 to be Discontinued.   Within 10 days of the entry of this Consent Decree by the Court, the Plaintiffs herein, NYSDEC and NYSDOT shall enter into a stipulation discontinuing the current Article 78 proceeding, Stewart Park and Reserve Coalition v. NYSEC and NYSDOT, Index No. 5235-2005 (Sup. Ct. Orange Co.), regarding the New York Freshwater Wetlands Act and other issues, with prejudice.   A fully executed copy of this

16

Consent Decree will be attached thereto and incorporated therein, as the terms of settlement of that case.

21.  Effect of Consent Decree.  By entering into this Consent Decree, Defendants make no admission of any liability with respect to any of the claims asserted by Plaintiffs, nor of any fact asserted by Plaintiffs, nor of the validity of any of the claims asserted by the Plaintiffs.  By entering into this Consent Decree, and contingent upon the Court making an order dismissing the action pursuant to FRCP 41(a)(2), which order shall be subject to the terms and conditions of this Consent Decree, Plaintiffs agree to, and hereby do, discontinue this action with prejudice, agree to discontinue the pending Article 78 proceeding, and agree that they will not file or financially support in any way any future court claims or court complaints, or commence or financially support litigation under Section 4(f), the United States Constitution, any federal or state statute, or common law relating to the construction of the Project, as "Project" is defined above.

22.  Force Majeure.

a.  Defendants and NYSDEC shall not be in default regarding the provisions of this Consent Decree if they are unable to comply with any provision because of an act of nature, war, terrorism, insurrection, strike, judicial injunction or other

court order, contract default, budget delay, catastrophic condition, or other circumstance beyond their control. Defendants and/or NYSDEC, as the case may be, shall notify Plaintiffs in writing, within 30 days, of any occurrence of any of the above events that lead to delays in compliance, or the prospective inability to comply with this Consent Decree, and shall request modification of this Consent Decree, where appropriate.   Failure to timely satisfy any requirement of this Consent Decree shall be excused, and/or extensions of milestones provided, under the terms of this section if Defendants and/or NYSDEC, as the case may be, show that they took steps reasonably necessary to avoid or mitigate the delay or other noncompliance, and complied with the notice requirements of this section.

b.   Plaintiffs' remedy for any failure or default by Defendants with respect to performance under one or more provisions of this Consent Decree, where such failure is not otherwise excused pursuant to paragraph 22(a) of this Consent Decree, shall include specific performance of such provision, as ordered by the Court, or rescission, in whole or in part, of other provisions of this Consent Decree.

23.   Continuing Jurisdiction.   For the purpose of enabling the parties hereto to apply to the Court for any further order that may be needed to carry out or enforce compliance with the

specific commitments made by the parties to this Consent Decree, the Court shall retain jurisdiction over this matter until three years after the construction of the Project (as defined above) is complete, or five (5) years from the date of entry of this Consent Decree by the Court, whichever comes later, and until any motion to enforce this Consent Decree filed before the date of termination is finally determined.

24. Continuing Effect/Termination. After the Court's jurisdiction terminates pursuant to paragraph 23 above, this Consent Decree shall continue to be binding on the parties hereto as a settlement agreement, unless and until it is terminated by Order of the Court or further agreement of the parties hereto, and the parties hereto may commence a new action in this Court or any other court with jurisdiction to enforce this Consent Decree/settlement agreement.

25. Notice. Notice of the actions to be taken or exchange of information pursuant to this Consent Decree shall be provided to the following:

Counsel for Plaintiffs:

John W. Caffry
Caffry & Flower
100 Bay Street
Glens Falls, New York 12801
jcaffry@caffrylawoffice.com

Counsel for Federal Defendants:

Kenneth Dymond, Esq.
Federal Highway Administration
Leo O'Brien Federal Building
Albany, NY 12207

Ken.Dymond@fhwa.dot.gov

Counsel for State Defendants and NYSDEC:

Lisa M. Burianek
Assistant Attorney General
Environmental Protection Bureau
State of New York
Department of Law
The Capitol
Albany, NY 12224-0341
Lisa.Burianek@oag.state.ny.us

The parties hereto may, from time to time as necessary, modify
the address or designee for purposes of notice and exchange of
information. Notice of such a modification shall be provided in
writing to the then-existing designees under this provision.

26. Severability. If any provision of this Consent Decree
is determined, by court ruling, order, decision, memorandum
and/or opinion, to be invalid, unenforceable, or otherwise
contrary to law, such ruling, order, decision, memorandum and/or
opinion shall not affect the continuing validity of the remaining
provisions of this Consent Decree.

27. Entire Agreement. This Consent Decree, with Exhibits
A, B, C and D incorporated by reference and attached hereto,

20

constitutes the entire agreement entered into by the parties to
settle this matter. By signing this Consent Decree, each party,
or its counsel, as the case may be, acknowledges that, except as
set forth in paragraphs 23 and 24 hereof concerning the
continuing jurisdiction of the Court, entry of this Consent
Decree will result in complete termination of this action
including extinguishing all claims asserted in this action and
any pending and potential appeals, with prejudice.

28. <u>Binding Effect</u>. The terms and conditions of this
Consent Decree shall be binding on the parties hereto, their
agents, successors and assigns, and shall run with the land and
be binding upon any future owners of all or part of the lands
affected by this Consent Decree.

29. <u>Status of Federal Defendants</u>. The parties hereto
acknowledge that the Federal Defendants have consented to the
dismissal of the Plaintiffs' appeal herein, but because this
Consent Decree imposes no obligations on them, they have not
signed it, and the parties hereto have no objection to that.

30. <u>Amendment</u>. This Consent Order may not be amended
except in writing signed by the parties, or in the case of
persons named in their official capacities, by their successors.
The consent of the Federal Defendants shall not be required to

21

amend this Consent Decree, except if any provision thereof affects them.

31.  Execution.  This Consent Order may be executed in multiple counterpart originals, each of which (if one or more copies bear original signature by all of the parties hereto, or copies of such signatures) shall be deemed an original and fully effective, and all of which together shall be considered one in the same document.

31.  Authority.  The undersigned representatives for each party each certifies that he or she is fully authorized by the party or parties whom he or she represents to enter into the terms and conditions of this Consent Decree and to bind them to it.

22

Caffry & Flower
Attorneys for Plaintiffs

Dated: _____11/11/05_____   By: _____
John W. Caffry
100 Bay Street
Glens Falls, New York 12801
(518) 792-1582


Stewart Park and Reserve
Coalition, Incorporated


Dated: _____11/9/05_____   By: _____
Sandra Kissam, President
P.O. Box 90
Blooming Grove, NY 10914


Sierra Club


Dated: _____11/9/05_____   By: _____
Jürgen Wekerle, Vice Chair
Atlantic Chapter
353 Hamilton Street
Albany, New York, 12210


Orange County Federation of
Sportsmen's Clubs, Inc.


Dated: _____11/9/05_____   By: _____
Carmen Heitczman, President
P.O. Box 784
Monroe, New York 10950


23

Eliot Spitzer
Attorney General

Dated: 11/16/05

By: _____

Lisa M. Burianek
Environmental
Protection Bureau
Department of Law
The Capitol
Albany, NY 12224-0341
(518) 486-7398

New York State Department
Of Environmental Conservation
and its Commissioner

Dated: _____

By: _____

Denise M. Sheehan
Acting Commissioner
625 Broadway
Albany, New York 12233

New York State
Department of Transportation
and its Commissioner

Dated: _____

By: _____

Thomas J. Madison, Jr.
Acting Commissioner
50 Wolf Road
Albany, New York 12232

New York State
Thruway Authority
and its Chairman

Dated: _____

By: _____

Michael Fleischer
Executive Director
200 Southern Boulevard
Albany, New York 12209

24

Eliot Spitzer
Attorney General

Dated: _____    By:_____
Lisa A. Burianek
Environmental
Protection Bureau
Department of Law
The Capitol
Albany, NY 12224-0341
(518) 486-7398

New York State Department
Of Environmental Conservation
and its Commissioner

Dated: _____    By:_____
Denise M. Sheehan
Acting Commissioner
625 Broadway
Albany, New York 12233

New York State
Department of Transportation
and its Commissioner

Dated: ___11/16/05_____    By:_____
Thomas J. Madison, Jr.
Acting Commissioner
50 Wolf Road
Albany, New York 12232

New York State
Thruway Authority
and its Chairman

Dated: _____    By:_____
Michael Fleischer
Executive Director
200 Southern Boulevard
Albany, New York 12209

24

Eliot Spitzer
Attorney General

Dated: _____    By: _____
                                        Lisa A. Burianek
                                        Environmental
                                        Protection Bureau
                                        Department of Law
                                        The Capitol
                                        Albany, NY 12224-0341
                                        (518) 486-7398

                                        New York State Department
                                        Of Environmental Conservation
                                        and its Commissioner

Dated: _____    By: _____
                                        Denise M. Sheehan
                                        Acting Commissioner
                                        625 Broadway
                                        Albany, New York 12233

                                        New York State
                                        Department of Transportation
                                        and its Commissioner

Dated: _____    By: _____
                                        Thomas J. Madison, Jr.
                                        Acting Commissioner
                                        50 Wolf Road
                                        Albany, New York 12232

                                        New York State
                                        Thruway Authority
                                        and its Chairman

Dated: ___11/15/05_____    By: _____
                                        Michael Fleischer
                                        Executive Director
                                        200 Southern Boulevard
                                        Albany, New York 12209

24

IT IS SO ORDERED that the action is hereby dismissed
pursuant to FRCP 41(a)(2), subject to the terms and conditions
set forth above, which terms and conditions are incorporated into
this order, and subject to the continuing jurisdiction of this
Court pursuant to ¶23 and ¶24 above.


DATE: December 7, 2005          _____
                                Hon. Randolph F. Treece,
                                U.S. Magistrate Judge


\\Server\Public\WPWin7\Client.Files\StewartPark.1143\Pleadings\Settlement\ConsentDecree-Final.wpd

25

# EXHIBIT
# A



# EXHIBIT
# B



# EXHIBIT
# C

# Exhibit C
# Oversized document available for viewing in the Clerk's Office

# EXHIBIT
# D

STATE OF NEW YORK - EXECUTIVE DEPARTMENT
OFFICE OF GENERAL SERVICES

-----------------------------------------------------------------X

In the Matter of the Application       :

of the       :

DEPARTMENT OF ENVIRONMENTAL CONSERVATION :       ORDER

for a transfer of jurisdiction of certain lands situate in the  :
Towns of Montgomery, New Windsor and Hamptonburgh
in the County of Orange       :

-----------------------------------------------------------------X

      The Department of Environmental Conservation has applied pursuant to Section 3, subdivision 4 of the Public Lands Law for a transfer of jurisdiction of certain lands located in the Towns of Montgomery, New Windsor and Hamptonburgh in the County of Orange. The parcel of land comprises 5,300 acres, more or less, and is a portion of the lands acquired by the N.Y.S. Department of Transportation for the Metropolitan Transportation Authority for the purposes associated with the development of Stewart International Airport pursuant to Chapter 472 of the Laws of 1971.

      The Department of Transportation has indicated that subject to the following uses and/or exceptions, the identified lands are excess to the needs of the Stewart International Airport:

- Aircraft noise buffer area.
- Wetland creation and/or enhancement as mitigation for wetland impacts of Department of Transportation and Airport projects.
- Exception of the I-84 transportation corridor.
- Exception of the Barron Road Development Area.
- Exception of parcel for use of the Division of State Police.

      John P. Cahill, Commissioner of the Department of Environmental Conservation, advises that the parcel will be managed as a reforestation area in order to ensure maximum public access while protecting the land's forested areas and other natural resources. Commissioner Cahill also advised that such planned management will be in conformance with grant assurances given by the Department of Transportation to the Federal Aviation Administration and will not create uses incompatible with existing and future airport operations. Such management will also be consistent with noise buffer usage for which the land was, in part, acquired, and that the Department of Transportation will be afforded reasonable access thereto for wetland creation and enhancement purposes.

      The land and its boundaries are generally shown on a map entitled "Map in the Matter of the Application of the Department of Environmental Conservation for a Transfer of Jurisdiction of Certain Lands Situated in the Towns of Montgomery, New Windsor and

Attachment 10
Sheet 1 of 4

Hamptonburgh, County of Orange" dated March 4, 1999, and on file in the Office of General Services in Albany, New York as OGS Map No. 1751, a copy of which is attached hereto and made a part hereof (Schedule A). Also attached is a general description of the boundaries of the 5,300 acre parcel (Schedule B). The map and description are subject to any state of facts that an accurate survey may show.

THEREFORE, pursuant to subdivision 4 of Section 3 of the Public Lands Law, it is

ORDERED, that the application is approved and jurisdiction over the aforesaid land is transferred to the Department of Environmental Conservation, subject to the above uses and exceptions.

Dated: MARCH 4, 1999

COMMISSIONER OF GENERAL SERVICES

Joseph J. Seymour

by  **EDMOND F. SCHORNO**
    **FIRST DEPUTY COMMISSIONER**

Attachment 10
Sheet 2 of 4

## SCHEDULE "B"

All that piece or parcel of land situated in the Towns of Montgomery, Hamptonburgh and New Windsor in the County of Orange and State of New York, being generally described as follows:

Beginning at a point in the existing northern highway boundary of State Highway No. 153 (N.Y.S. Route 207) at its intersection with the existing westerly street line of Maple Avenue, said point being 25 feet westerly measured at right angles from the existing center line of Maple Avenue; thence in a generally westerly direction along the northerly boundary of State Highway No. 153 to a point of intersection with the northerly boundary of Forrester Road; thence in a generally northwesterly direction 4,576 feet, more or less, to a point of intersection with the northerly boundary of New York State Highway No. 414 (also known as NYS Route 208); thence in a northwesterly direction along the said northerly boundary of State Highway No. 414, 3,991 feet, more or less, to a point of intersection with the easterly division line of land now or formerly of the Penn Central Transportation Company; thence in a generally northerly direction along said division line 2,010 feet, more or less, to a point, said point being distant 335 feet, more or less, easterly measured at right angles from Station 3748 + 36 of the monumented railroad centerline; thence generally in a easterly and northerly direction along the easterly division line of the Penn Central Transportation Company as shown on Claim Map No. 1470, for the "Acquisition of Land for Establishment of an Airport at Stewart Airport", dated September 6, 1972 and filed in the New York State Department of Transportation at Albany, New York to its intersection with the southerly boundary of Interstate Route 84 (N.Y.S. Highway No. 503-1-6.2); thence in an easterly direction along said southerly boundary of said Interstate Route 84 to a point 25 feet westerly measured at right angles from the intersection of the centerline of the Maple Avenue as it existed prior to the construction of Interstate Route 84; thence in a southerly direction along a line 25 feet westerly and parallel to the centerline of Maple Avenue to the point or place of beginning, containing approximately 5,600 acres.

EXCEPTING therefrom the following three described parcels of land

Excepted Parcel No. 1
A parcel of land located along Barron Road containing approximately 300 acres of land, designated as "Excepted Parcel No. 1 for Barron Road Development Area" as generally shown upon O.G.S. Map No. 1751 revised March 4, 1999.

Together with a 50 foot wide right-of-way, for ingress and egress, along the existing Barron Road, from NYS Route 208, to and along the above described Excepted Parcel No. 1.

Excepted Parcel No. 2
A parcel of land being 600 feet along the westerly line of Barron Road and being 300 feet deep, containing approximately 4 acres of land, designated as "Excepted Parcel

Attachment 10
Sheet 3 of 4

No. 2 for Division of State Police" as generally shown upon O.G.S. Map No. 1751 revised March 4, 1999.

Together with a 50 foot wide right-of-way, for ingress and egress, along the existing Barron Road, from NYS Route 208, to and along the above described Excepted Parcel No. 2.

Excepted Parcel No. 3
A parcel of land being 150 foot wide, located along the southerly boundary of said Interstate Route 84 containing approximately 32 acres of land, designated as "Excepted Parcel No. 3 to be reserved by N.Y.S.D.O.T." as generally shown upon O.G.S. Map No. 1751 revised March 4, 1999.

Intending to describe a portion of the lands acquired by the People of the State of New York for the use of the Metropolitan Transportation Authority and shown on the Map No. 1000, entitled "Office of Metropolitan Transportation Authority Description and Map for the Acquisition of Property at Stewart Airport, Orange County, New York for the Establishment of an Airport Pursuant to Chapter 472, Laws of New York for 1971, as Amended" which lie westerly of a line drawn 25 feet westerly of the centerline of Maple Avenue, and excepting therefrom lands now or formerly of the Penn Central Transportation Company and the above described three excepted parcels of land containing approximately 5264 acres. Subject to the above described 50 foot wide right-of-way.

This description is subject to any statement of facts that an accurate survey may show.

All as shown on a map entitled "Map in the Matter of the Application of the Department of Environmental Conservation for a Transfer of Jurisdiction of Certain Lands Situated in the Towns of Montgomery, New Windsor and Hamptonburgh, County of Orange" dated March 4, 1999 and on file in the Office of General Services in Albany, New York as OGS Map No. 1751.

Revised 3/4/99, RWB
Q:\tap\stewart AFB-desc3.doc

Attachment 10
Sheet 4 of 4